## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<u>**NOT FOR PUBLICATION**</u>

-------------------------------------------------------X
                           :

**Barbara R. Freeman and Gary**    :
**B. Freeman,**                     :
                           :

        **Plaintiffs,**       :

                           :     **Civil Action 10-1541 (ES)(CLW)**
                           :

        **v.**                   :
                           :

**Robert Emmet McDowell, et. al,**   :     **REPORT & RECOMMENDATION**
                           :     **January 24, 2012**

        **Defendants.**      :
-------------------------------------------------------X

<u>**WALDOR, United States Magistrate Judge**</u>

       Currently pending before the Court is plaintiffs Barbara R. Freeman and Gary B. Freeman's ("Plaintiffs") motion to strike the answers of defendants Drumbrone Capital Group and Robert Emmet McDowell, the principal of Drumbrone Capital Group, (collectively "Defendants") for violating Fed. R. Civ. P. 37 and to enter default upon Defendants pursuant to Fed. R. Civ. P. 55(a) ("Motion to Strike Defendants' Answers"). (Dkt. No. 46). Pursuant to Local Civil Rule 72.1, the Honorable Esther Salas, United States District Judge, referred this motion to the Undersigned for report and recommendation ("Recommendation"). For the reasons to be discussed, it is respectfully recommended that Plaintiffs' motion be GRANTED and that an order ("Order") be entered striking Defendants' answers and entering a default against Defendants. The Court makes the following findings in support of this Recommendation.

### I. Background

On February 22, 2010, Plaintiffs filed the Complaint in Superior Court of New Jersey, Morris

County.  On March 24, 2010, Defendants removed the action to this district court.  On April 30, 2010, Allen L. Harris, Esq. of the law firm of Budd Larner, P.C. ("Harris") filed answers ("Answers" or "Answer") on behalf of defendant McDowell and defendant Drumbrone.  (Dkt. Nos. 14, 15).

On November 15, 2010, Plaintiffs requested answers to interrogatories and responses to a Notice to Produce Documents.  (Plaintiffs' Certification ("Cert.") ¶ 3).  In a letter accompanying the November 15, 2010 demand, Plaintiffs reminded defendant McDowell that responses to the discovery demands were to be provided within the time prescribed by the Federal Rules of Civil Procedure - i.e. within thirty (30) days after being served.  (Cert., Ex. A).  Defendants failed to comply with Plaintiffs' requests within the required thirty-day period. (Cert. at ¶ 4).  Thereafter, on January 26, 2011, Plaintiffs' counsel sent defendant McDowell a good faith letter reminding Defendant that his discovery responses were overdue and that he should respond to the requests by February 1, 2011 in order to avoid unnecessary motion practice.  (Id. at ¶ 5, Cert., Ex. B).  Again, Defendants failed to comply with Plaintiffs' requests.  On June 9, 2011, the Honorable Esther Salas, U.S.D.J., held a conference call at which time she acknowledged the deficiency but granted defendant McDowell an additional thirty (30) days to provide discovery responses.  Judge Salas ordered McDowell to answer the outstanding document requests and interrogatories by July 11, 2011.  (Dkt. No. 42).  Defendant McDowell again failed to produce said responses.

Moreover, neither defendant McDowell nor defendant Drumbrone is represented by counsel. On June 14, 2010, attorney Harris filed a motion to be relieved as counsel for defendant McDowell and defendant Drumbrone.  On September 10, 2010, the Court granted Harris's motion to withdraw. During the above-mentioned June 9, 2011 status conference, defendant McDowell advised Judge Salas that he would not be retaining counsel for Drumbrone.  (Id. at ¶ 6).  As such, Judge Salas

-2-

granted Plaintiffs permission to file a motion to strike Drumbrone's Answer.  See Dkt. No. 42.

Plaintiffs filed the instant motion on July 28, 2011, requesting that this Court strike the answers of Defendants and enter default against Defendants, along with a supporting certification. (Dkt. No. 46).  On August 23, 2011, defendant McDowell filed a brief in opposition (Dkt. No. 50, "Def.'s Opp. Br.") and on September 21, 2011, Plaintiffs filed their reply brief (Dkt. No. 51, "Pls.' Reply Br.").  The Motion to Strike Defendants' Answers was referred to the Undersigned on January 12, 2012.

**II.  Discussion**

A.  <u>Imposition of Sanctions Against Corporate Defendant Drumbrone</u>

Corporate defendant Drumbrone's failure to retain counsel requires this Court to recommend that the District Court strike Drumbrone's Answer, order that default be entered against it, and permit Plaintiffs to proceed to judgment by default as to Drumbrone.  The Third Circuit has made clear that corporations cannot represent themselves *pro se*.  See <u>Simbraw v. United States</u>, 367 F.2d 373, 374 (3d Cir. 1996).  <u>See also</u> <u>Shandex Indus. Inc. v. Vent Right Corp.</u>, No. 09-4148, 2011 WL 6132439, *3 (D.N.J. Dec. 8, 2011); <u>First Franklin Financial Corp. v. Rainbow Mortg. Corp., Inc.</u>, No. 07-5440, 2010 WL 4923326, *1 (D.N.J. Nov. 23, 2011); <u>Harrington v. All American Plazas, Inc.</u>, No. 08-3848, 2010 WL 2710573, *2 (D.N.J. Jul. 7, 2010).

As noted above, Judge Salas entered an order on September 10, 2010 relieving Mr. Harris as counsel for Drumbrone and McDowell.  (Dkt. No. 36).  Thereafter, at a June 9, 2011 status conference, Judge Salas advised Mr. McDowell that Drumbrone, a corporation, must appear in federal court only through a licensed attorney.  At that time, Mr. McDowell informed the Court that Drumbrone would not be retaining counsel.  Judge Salas thus permitted Plaintiffs to file a motion

-3-

to strike defendant Drumbrone's Answer.  (Dkt. No. 42).  Said leave to file the instant motion was communicated to Drumbrone through its principal Mr. McDowell.  Drumbone was thus put on notice that its Answer would be struck if new counsel failed to enter an appearance.

Despite repeated admonitions, Drumbrone has not retained counsel.  Further, since the instant motion was filed, the Court has held two Court-ordered status conferences on August 10, 2011 and January 19, 2012, respectively.  Counsel for Drumbrone failed to appear on its behalf at either Court-ordered conference.  As Drumbrone's conduct is in contravention of established Third Circuit precedent, this Court recommends that the District Court strike the Answer of Drumbrone.

### B.   Imposition of Sanctions Against Individual Defendant McDowell

In addition, the failure of individual defendant McDowell to comply with the Federal Rules of Civil Procedure requires this Court to determine the appropriate sanctions to impose.  Federal Rule of Civil Procedure 33(b)(2) requires a party responding to interrogatories to serve its answers and any objections within thirty (30) days after being served with the interrogatories, unless the parties stipulate to a longer time or the Court orders additional time to respond.  Fed. R. Civ. P. 33(b)(2).  As to Defendants' request for production of documents, Federal Rule of Civil Procedure 34(b)(2)(A) states that a written response to a request for documents must be provided within thirty (30) days after being served with such a discovery request, unless the parties stipulate to a longer time or the Court orders additional time to respond.  Fed. R. Civ. P. 34(b)(2)(A).  See Williams v. Sullivan, No. 08-1210, 2011 WL 2119095, *5 (D.N.J. May 20, 2011).

The Federal Rules of Civil Procedure provide for sanctions for failure to serve answers to interrogatories or respond to requests for production of documents.  Pursuant to Fed. R. Civ. P. 37(d)(1)(A), "the court where the action is pending may, on motion, order sanctions if: (ii) a party,

after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A).  When a party violates Rule 33 or Rule 34, the court may issue sanctions "listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(d)(3).  Fed. R. Civ. P. 37(b)(2)(A) provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders.  They may include the following:
>                              ...
> (iii) striking pleadings in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party;

Fed. R. Civ. P. 37(b)(2)(A).  In deciding whether sanctions that "deprive a party of the right to proceed with or defend against a claim" are appropriate, the Court considers the following factors set forth by the Third Circuit in Poulis v. State Farm & Casualty Co.:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  No particular Poulis factor is controlling.  Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003); First Franklin Fin. Corp. v. Rainbow Mortg. Corp., Inc., No. 07-5440, 2010 WL 4923341 (D.N.J. Oct. 19, 2010)("Poulis requires the District Court only to balance the six factors and does not set one factor forth as determinative.").  As such, a decision whether to impose a default is left to the court's discretion. Id.; See Chiarulli v. Taylor, No. 08-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010).

**Mr. McDowell's Personal Responsibility**

The first <u>Poulis</u> factor weighs in favor of dismissal.  Mr. McDowell is personally responsible for the failure to produce discovery in accordance with the Federal Rules of Civil Procedure.  Plaintiffs first served their initial discovery demands on Defendants on November 15, 2010.  At the three subsequent status conferences held by the Court, Mr. McDowell was given extensions to produce and/or respond to Plaintiffs' discovery demands.  Now, over a year later, Defendant has failed to produce a single responsive document.  Mr. McDowell argues that as he is presently incarcerated, his ability to communicate and his access to the requested materials is severely limited.  <u>See</u> Def.'s Opp. Br.  However, Plaintiffs correctly assert that if Mr. McDowell lacks access to documents, he could have answered the interrogatories and provided the requested information, simply stating that the documents were unavailable.  <u>See</u> Pls.' Reply Br. at 1.

The Court acknowledges that Mr. McDowell is a *pro se* litigant.  This status does not, however, permit Mr. McDowell to shirk his responsibilities.  Instead, *pro se* litigants, like all litigants, must permit discovery and comply with the rules governing discovery.  <u>See</u> <u>Hoxworth v. Blinder, Robinson & Co.</u>, 980 F.2d 912, 918-19 (3d Cir. 1992); <u>Harrington</u>, 2010 WL 2710573, at *2.  Mr. McDowell made a purposeful decision to refuse to provide the requested discovery.  Accordingly, this fact favors striking Mr. McDowell's Answer, entering default against him, and allowing plaintiff to proceed to judgment by default as to McDowell.

**Prejudice to Plaintiffs**

The second <u>Poulis</u> factor requires examination of the prejudice to the other parties caused by the delay.  Prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the

-6-

opposing party.  Prejudice also includes deprivation of information through noncooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." <u>Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 874 (3d Cir. 1994) (citation omitted).  Here, the prejudice is obvious.  Plaintiffs have been deprived of the information they need to support their claims and have additionally been forced to file several motions, expending both time and resources, to obtain relevant discovery.  Without the requested discovery, the case cannot move forward.  <u>Ramada Worldwide Inc. v. NPR Hospitality Inc.</u>, No. 06-4966, 2008 WL 163641, at *4 (D.N.J. Jan. 16, 2008) (finding prejudice where plaintiff was unable to obtain discovery or pursue its claims "due to Defendants' failure to actively participate in the litigation of [the] case").

**History of Dilatoriness**

Third, there is a history of dilatoriness on the part of Defendants.  As stated in <u>Poulis</u>, "Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation.  If compliance is not feasible, a timely request for an extension should be made to the court."  747 F.2d at 868.  Here, Defendants failed to provide the requested discovery for over one year despite Plaintiffs' repeated requests.  This Court granted Mr. McDowell several extensions by which the relevant discovery was to be produced in an effort to permit Mr. McDowell to defend against this suit.  Regardless of such, discovery remains outstanding.  <u>Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund</u>, 29 F.3d 863, 874 (3d Cir. 1994) (citing <u>Poulis</u>, 747 F.2d at 868) ("[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories . . ."). Mr. McDowell's repeated and lengthy delinquency requires the Court to impose the sanctions Plaintiffs seek.

**Willfulness or Bad Faith**

The fourth <u>Poulis</u> factor weighs in favor of dismissal.  Courts find willfulness and bad faith where no reasonable excuse for the conduct in question exists.  <u>See</u> <u>Ware</u>, 322 F.3d at 224; <u>Harrington v. All American Plazas, Inc.</u>, 2010 WL 2710573, at *3.  Here, there is no evidence to suggest that the failure to produce discovery resulted from inadvertence, neglect, or mistake.  Mr. McDowell's only excuse is his limited access to the requested materials and information as a result of his incarceration and his belief that the documents Plaintiffs seek are in the possession of the Morris County Prosecutor's Office.  <u>See</u> Def.'s Opp. Br.  The Court has informed Mr. McDowell on several occasions that although he is presently incarcerated, this status does not permit him to evade his discovery obligations.  Even if Mr. McDowell lacks access to the requested documents, he could have relayed same to Plaintiffs in his responses to interrogatories and document production requests.  The requests were instead ignored.  Mr. McDowell's repeated failure to cooperate - even to a bare-minimum degree - shows that he does not truly intend to defend this action.  Accordingly, the fourth <u>Poulis</u> factor, like the three that precede it, weighs in favor of granting the relief Plaintiffs' request.

**Alternative Sanctions**

The fifth <u>Poulis</u> factor requires the Court to consider whether alternative sanctions would be effective.  Defendant's lack of meaningful participation demonstrates an intention to no longer litigate this case.  <u>See</u> <u>Temptime Corp. v. Timestrip PLC</u>, No. 08-4277, 2009 WL 1560205, at *2 (D.N.J. June 2, 2009) ("[T]he defendant's nonresponsiveness despite notice of these proceedings and the consequences . . . demonstrates that no sanction other than striking its Answer and allowing the plaintiff to seek default or default judgment will cure the prejudice.").  The Court thus concludes that

alternative sanctions, including monetary sanctions, would not prompt an appropriate response from Defendant.  See First Franklin Fin. Corp. V. Rainbow Mortg. Corp., Inc., No. 07-5440, 2010 WL 4923341 (D.N.J. Oct. 19, 2010); Genesis Eldercare Rehab. Servs., Inc. V. Beam Mgmt., LLC, No. 07-1843, 2008 WL 1376526, at *2 (E.D.Pa. Apr. 9, 2008) (defendant "demonstrated its complete neglect of its obligations as a litigant in this matter.  Given [defendant's] willful non-compliance, we do not believe that a monetary sanction would be sufficient in this case. . .").

**Meritoriousness of Defenses**

The Court has reviewed defendant McDowell's Answer to the Complaint.  Given the bare-boned nature of the pleading, the Court cannot adequately evaluate the merits, if any, of his defenses.  However, it is not necessary for the Court to reach this factor in order to recommend striking his Answer and allowing Plaintiffs to proceed to judgment by default as to Robert McDowell.  Ware, 322 F.3d at 221 ("Each factor need not be satisfied for the trial court to dismiss a claim.") (citation omitted).  The Court thus declines to consider this factor in weighing the recommended sanctions.[1]

This Court recognizes that the striking of an answer and the entry of default is reserved for the most extreme cases.  Wachtel v. Health Net, Inc., 239 F.R.D. 81, 101 (D.N.J. 2006) ("Default is an extreme sanction that must be reserved for instances in which it is justly merited.").  Nonetheless, this Court finds that this extreme sanction is warranted.  Defendants have failed to cooperate in discovery and actively participate in this case despite being offered multiple

---

[1]

Similarly, under the Poulis factors, Mr. McDowell's failure to retain counsel for defendant Drumbrone also warrants the imposition of sanctions.  The Court has already recommended striking defendant McDowell's answer as a result of his failure to permit discovery.  Accordingly, the Court need not undertake a thorough Poulis analysis with respect to Mr. McDowell's failure to retain counsel for defendant Drumbrone.

opportunities to participate.  This Court also repeatedly warned Defendants that continuation of this conduct would result in sanctions.  Furthermore, with regard to corporate defendant Drumbrone, the Third Circuit law makes clear that corporations cannot represent themselves *pro se*.  See <u>Simbraw v. United States</u>, 367 F.2d 373, 374 (3d Cir. 1996).  In light of the above, no alternative lesser sanction would be appropriate.

### III.  Conclusion

For the reasons set forth above, this Court respectfully recommends that the District Court strike the Answers of *pro se* defendant Robert McDowell and corporate defendant Drumbrone, order that default be entered against them, and that Plaintiffs be allowed to proceed to judgment by default as to *pro se* defendant Robert McDowell and corporate defendant Drumbrone.  The parties shall have fourteen days from receipt of this Report and Recommendation to file and serve any objections.  Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(a)(2).


s/ Cathy L. Waldor
**CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE**